RECEIVED
SEP 20 2023
CLERK, U.S. DISTRICT COURT
DULUTH, MINNESOTA

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-23 (KMM/LIB)

UNITED STATES OF AMERICA,

Plaintiff,

v.

(4) PATRICIA ANN JOHNSON,

Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and defendant Patricia Ann Johnson (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges**. The defendant agrees to plead guilty to Count Three (3) of the Indictment, which charges the defendant with Child Endangerment, in violation of Title 18, United States Code, Sections 1151 and 1153; and Minnesota Statutes, Sections 609.05 and 609.378 subdiv. 1(b)(1). The defendant fully understands the nature and elements of the crime with which she has been charged.

At the time of sentencing, the government agrees to move to dismiss Count Two (2) of the Indictment, as to the defendant. The Government also agrees that it will not pursue any additional charges related to the conduct described herein.

SCANNED
SEP 20 2023
U.S. DISTRICT COURT DULUTH
MB

2. **Factual Basis**. The defendant is pleading guilty because she is in fact guilty of Count Three of the Indictment. In pleading guilty, the defendant admits the following facts and that those facts establish her guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

During the time period of January 1, 2021, through April 29, 2022, the defendant frequently resided with her sister, Trina Johnson, who had various foster children in her care, including Minor Victim 1 named in the Indictment. The defendant agrees that during the times she resided at Trina's home, she acted as a caretaker for the children in the home, including Minor Victim 1, in that she assumed responsibility for at least a portion of the care of the children. The defendant's caretaking conduct involving the children, including Minor Victim 1, included babysitting when Trina was not home; assisting with mealtimes, bedtime, and household tasks; and otherwise supervising the children.

During this same time period, while in Trina's home, the defendant participated in an ongoing pattern of physical, mental, and emotional abuse towards Minor Victim 1. Specifically, the defendant participated in, or otherwise aided and abetted, the following conduct: withholding food from Minor Victim 1; forcing Minor Victim 1 to stand in uncomfortable positions for long periods of time; depriving Minor Victim 1 of sleep; withholding necessary medical care from Minor Victim 1, including when he was injured; and verbally threatening and abusing Minor Victim 1. The defendant also assaulted Minor Victim 1 on multiple occasions, including by choking him to the point of unconsciousness, punching him, and hitting him with objects.

The defendant agrees that in committing the foregoing conduct, she intentionally and recklessly caused and permitted Minor Victim 1 to be placed in a situation that was likely to cause, and did in fact result in, substantial harm to Minor Victim 1's physical, mental, and emotional health. The defendant also agrees that in engaging in this conduct she acted knowingly, voluntarily, and with the understanding that her actions broke the law.

At all relevant times, these actions were taking place within the exterior boundaries of the Red Lake Indian Reservation in Minnesota, and both the defendant and Minor Victim 1 were enrolled members of the Red Lake Band of Chippewa Indians.

3. **Waiver of Pretrial Motions**. The defendant understands and agrees that the defendant has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. The defendant agrees that, by pleading guilty, she is withdrawing any motions previously filed.

4. **Waiver of Constitutional Trial Rights.** The defendant understands that she has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to

testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that she has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent her. The defendant understands that she has the right to persist in a plea of not guilty and, if she does so, she would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5. **Additional Consequences**. The defendant understands that as a result of this conviction, she could experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6. **Statutory Penalties**. The defendant understands that Count Three of the Indictment is a felony offense that carries the following statutory penalties:

a. a maximum of five years in prison;

b. a supervised release term of up to three years;

c. a maximum fine of $10,000;

d. restitution to the victim of the offense;

e. assessment to the defendant of the costs of prosecution, imprisonment, and supervision, as defined in 28 U.S.C. §§ 1918(b) and 1920; and

f. a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A).

7. **Guidelines Calculations.** The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guidelines calculations:

a. No Applicable Guidelines Range. The parties agree that pursuant to U.S.S.G. § 2X5.1, there is no Guideline that has been expressly promulgated for the offense charged in Count Three, nor is there a sufficiently analogous Guideline. As such, the parties agree that the Court should impose a sentence in this case based on the factors set forth in 18 U.S.C. § 3553, subject to the statutory maximum of five years in prison and a $10,000 fine.

b. The parties agree that in their sentencing advocacy, they are each free to invoke particular Guideline provisions, as well as any other relevant information, to guide the Court's analysis.

c. The defendant understands the possibility that the Government may recommend that the Court impose the statutory maximum of five years in prison.

d. Supervised Release. For a Class D felony like Count Three, Sentencing Guidelines recommend a term of supervised release of at least one year up to a maximum supervised release term of three years. U.S.S.G. § 5D1.2.

8. **Revocation of Supervised Release.** The defendant understands that if the defendant were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The

defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

9. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Probation Office or the Court. The Court will make its own determination regarding whether the Guidelines apply, any applicable Guidelines factors, and any applicable criminal history category. If the Court or the Probation Office determines that the applicable Guidelines provisions or calculations are different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation**. The parties are free to recommend whatever sentence they deem appropriate. In the event the Court determines that the Guidelines apply to Count Three, the parties reserve the right to make a motion for departures from the applicable Guidelines range pursuant to 18 U.S.C. § 3553(a), to oppose any such motion made by the opposing party, and to argue for a sentence outside the applicable Guidelines range. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw her guilty plea.

11. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is

convicted, pursuant to Guideline § 5E1.3. The defendant agrees to pay the special assessment prior to sentencing.

12. **Restitution Agreement**. The defendant understands and agrees that 18 U.S.C. § 3663 applies and that the Court may order the defendant to make restitution to Minor Victim 1, owed jointly and severally with any convicted co-defendants. The parties agree to finalize an agreement on the amount of restitution owed to Minor Victim 1 no later than 30 days prior to sentencing.

13. **Waivers of Appeal and Collateral Attack**. The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment above 48 months. The defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal any sentence except the government may appeal the substantive reasonableness of a term of imprisonment below 48 months' imprisonment.

14. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

15. **Complete Agreement**. The defendant acknowledges that she has read this plea agreement and has carefully reviewed each provision with her attorney. The defendant further acknowledges that she understands and voluntarily accepts every term and condition of this plea agreement. This plea agreement, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

ANDREW M. LUGER
United States Attorney

Date: 9/20/23

BY: RUTH S. SHNIDER
Assistant United States Attorney

Date: 9/20/23

PATRICIA ANN JOHNSON
Defendant

Date: 9/20/2023

SHANNON ELKINS
Assistant Federal Defender
Counsel for Defendant