RECEIVED
SEP 20 2023
CLERK, U.S. DISTRICT COURT
DULUTH, MINNESOTA

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-23 (KMM/LIB)

UNITED STATES OF AMERICA,

Plaintiff,

v.

(5) BERTRAM CALVIN LUSSIER, JR.,

Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and defendant Bertram Calvin Lussier, Jr. (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges**. The defendant agrees to plead guilty to Count Three (3) of the Indictment, which charges the defendant with Child Endangerment, in violation of Title 18, United States Code, Sections 1151 and 1153; and Minnesota Statutes, Sections 609.05 and 609.378, subdiv. 1(b)(1). The defendant fully understands the nature and elements of the crime with which he has been charged.

At the time of sentencing, the government agrees to move to dismiss Count Two (2) of the Indictment, as to the defendant. The Government also agrees that it will not pursue any additional charges related to the conduct described herein, as to the defendant.

SCANNED
SEP 20 2023
U.S. DISTRICT COURT DULUTH

2. **Factual Basis.** The defendant is pleading guilty because he is in fact guilty of Count Three of the Indictment. In pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

During the time period of January 1, 2021, through April 29, 2022, the defendant resided with his romantic partner, Trina Johnson, who had various foster children in her care, including Minor Victim 1 named in the Indictment. During this time period, the defendant frequently acted as a caretaker for Minor Victim 1, in that he assumed responsibility for at least a portion of the care of Minor Victim 1. The defendant's caretaking of the children, including Minor Victim 1, included babysitting when Trina Johnson was not home; assisting with mealtimes, bedtime, and household tasks; and otherwise supervising the children.

During this same time period, and while Minor Victim 1 was in his care, the defendant knew of and witnessed an ongoing pattern of physical, mental, and emotional abuse towards Minor Victim 1 that was perpetrated by at least some of his co-defendants. Specifically, the defendant witnessed Trina Johnson and/or the other named defendants frequently engage in the following conduct: physically assaulting Minor Victim 1; withholding food from Minor Victim 1; forcing Minor Victim 1 to stand in uncomfortable positions for long periods of time; depriving Minor Victim 1 of sleep; withholding necessary medical care from Minor Victim 1, including when he was injured; and verbally threatening and abusing Minor Victim 1.

The defendant, at times, would attempt to partially alleviate (or lessen) the abuse of Minor Victim 1. This included intervening in certain assaults, secretly providing Minor Victim 1 with food or drink, and permitting Minor Victim 1 to rest from an uncomfortable standing position when Trina Johnson was not at home. However, at other times, the defendant participated in the abusive practices toward Minor Victim 1—for example, by telling Minor Victim 1 to stand in uncomfortable positions when Trina Johnson was present, not providing adequate food to Minor Victim 1, and keeping Minor Victim 1 awake at night. At no point during the relevant time period did the defendant ever seek assistance for Minor Victim 1 from law enforcement, family services, or medical authorities, despite witnessing the abuse of Minor Victim 1 and observing Minor Victim 1 suffer numerous physical injuries and approximately 100 pounds of weight loss.

The defendant agrees that in committing the foregoing conduct, he intentionally and recklessly permitted Minor Victim 1 to remain placed in a situation that was likely to cause, and did in fact result in, substantial harm to Minor Victim 1's physical, mental, and emotional health. The defendant also agrees that in engaging in this conduct he acted knowingly, voluntarily, and with the understanding that his actions broke the law.

At all relevant times, these actions were taking place within the exterior boundaries of the Red Lake Indian Reservation in Minnesota, and both the defendant and Minor Victim 1 were enrolled members of the Red Lake Band of Chippewa Indians.

3. **Waiver of Pretrial Motions**. The defendant understands and agrees that the defendant has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. The defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

4. **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5. **Additional Consequences**. The defendant understands that as a result of this conviction, he could experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6. **Statutory Penalties**. The defendant understands that Count Three of the Indictment is a felony offense that carries the following statutory penalties:

a. a maximum of five years in prison;

b. a supervised release term of up to three years;

c. a maximum fine of $10,000;

d. restitution to the victim of the offense;

e. assessment to the defendant of the costs of prosecution, imprisonment, and supervision, as defined in 28 U.S.C. §§ 1918(b) and 1920; and

f. a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A).

7. **Guidelines Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guidelines calculations:

a. No Applicable Guidelines Range. The parties agree that pursuant to U.S.S.G. § 2X5.1, there is no Guideline that has been expressly promulgated for the offense charged in Count Three, nor is there a sufficiently analogous Guideline. As such, the parties agree that the Court should impose a sentence in this case based on the factors set forth in 18 U.S.C. § 3553, subject to the statutory maximum of five years in prison and a $10,000 fine.

b. The parties agree that in their sentencing advocacy, they are each free to invoke particular Guideline provisions, as well as any other relevant information, to guide the Court's analysis.

c. Supervised Release. For a Class D felony like Count Three, Sentencing Guidelines recommend a term of supervised release of at least one year up to a maximum supervised release term of three years. U.S.S.G. § 5D1.2.

8. **Revocation of Supervised Release**. The defendant understands that if the defendant were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

9. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Probation Office or the Court. The Court will make its own determination regarding whether the Guidelines apply, any applicable Guidelines factors, and any applicable criminal history category. If the Court or the Probation Office determines that the applicable Guidelines provisions or calculations are different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation**. The parties are free to recommend whatever sentence they deem appropriate. In the event the Court determines that the Guidelines apply to Count Three, the parties reserve the right to make a motion for departures and variances from the applicable Guidelines range pursuant to 18 U.S.C. § 3553(a), to oppose any such motion made by the opposing party, and to argue for a sentence outside the applicable Guidelines range. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

11. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to Guideline § 5E1.3. The defendant agrees to pay the special assessment at sentencing.

12. **Restitution Agreement**. The defendant understands and agrees that 18 U.S.C. § 3663 applies and that the Court may order the defendant to make restitution to Minor Victim 1, owed jointly and severally with any convicted co-defendants. The parties agree to work towards an agreement on the amount of restitution owed to Minor Victim 1 30 days prior to sentencing.

13. **Waivers of Appeal and Collateral Attack**. The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence and agreed-upon restitution, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded

from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment above 30 months. The defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal any sentence except the government may appeal the substantive reasonableness of a term of imprisonment below 36 months' imprisonment.

14. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

15. **Complete Agreement.** The defendant acknowledges that he has read this plea agreement and has carefully reviewed each provision with his attorney. The defendant further acknowledges that he understands and voluntarily accepts every term and condition of this plea agreement. This plea agreement, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

ANDREW M. LUGER
United States Attorney

Date: 9/20/23

BY: ______________________
RUTH S. SHNIDER
Assistant United States Attorney

Date: 09-20-23

______________________
BERTRAM CALVIN LUSSIER, JR.
Defendant

Date: 09-20-23

______________________
RYAN GARRY, ESQ.
Counsel for Defendant